# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| ALYSSA DE LOS SANTOS, ) | |
| Plaintiff, ) | |
| ) | No. 18-cv-00427 |
| v. ) | |
| ) | |
| CITY OF CHICAGO, CHICAGO POLICE OFFICERS ) | |
| E. JIMENEZ (Star #17702), M. RENTERIA (Star #19146), ) | |
| SALGADO (Star #17447), T.M. PANEK (#5455) ) | |
| ) | |
| Defendants. ) | |

## CIVIL COMPLAINT

NOW COMES Plaintiff, Alyssa De Los Santos, by and through her attorneys Abby Bakos, Brendan Shiller and Mary Grieb of the Shiller Preyar Law Offices, complaining of the Defendants and in support thereof state as follows:

## INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. §1983 and Illinois state law to address deprivations of Plaintiff's rights under the Constitution of the United States and torts committed against Plaintiff under Illinois state law.

## JURISDICTION

2. The jurisdiction of the Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983; the Judicial Code, 28 U.S.C. §§1331 and 1343(a); the Constitution of the United States; and pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

## VENUE

3. Venue is proper under 28 U.S.C. Section 1391(b). The events described herein all occurred in the Northern District of Illinois.

## THE PARTIES

4. Plaintiff Alyssa De Los Santos is a United States citizen who resides in the Northern District of Illinois.

5. Defendant Chicago Police Officers Jimenez, Salgado, Renteria, and Panek (hereinafter "Defendant Officers") are present or former employees of the City of Chicago Police Department. Defendant Officers engaged in the conduct complained of while on duty and in the course and scope of their employment and under the color of law. Defendant Officers are sued in their individual capacities.

6. Defendant City of Chicago is a municipal corporation duly incorporated under the laws of the State of Illinois. The City of Chicago was the public employer of Defendant Officers at the time of the conduct complained of in the complaint. At all relevant times thereto, Defendant Officers were acting under the color of law and within the scope of their employment with Defendant City of Chicago.

## BACKGROUND

7. On April 14, 2016, Plaintiff was riding as a passenger in her car with her sister, Vanessa De Los Santos, and her boyfriend, Rico Mendoza, travelling southbound on Western Avenue in Chicago, Illinois.

8. Rico Mendoza was driving the vehicle.

9. As they waited at the intersection of Blue Island Avenue and Western Avenue, a Hummer crashed into the rear of their vehicle and pushed them into a third car, a Ford Explorer.

10. Shortly thereafter Defendant Officers arrived on-scene.

11. When Defendant Officers arrived on-scene, Plaintiff and her sister were standing outside of the vehicle.

12. Plaintiff, distraught from the accident, immediately informed the officers that the vehicle she was riding as a passenger in, was deliberately pushed into the Explorer by the Hummer.

13. Defendant Officers ignored Plaintiff's account of the incident.

14. Plaintiff also repeatedly informed Defendant Officers that she was not driving at the time of the incident.

15. While on-scene, the driver of the Ford Explorer, Reyna Perez, confirmed to Defendant Officers Plaintiff's account of the incident and that Plaintiff was not driving any vehicle.

16. Without probable cause, and despite both Plaintiff and all witnesses' statements, Defendant Officers arrested Plaintiff for DUI.

17. Defendant Officers also cited Plaintiff, without probable cause, for Reckless Driving, Operating an Uninsured Vehicle, Failure to Reduce Speed to Avoid an Accident, Negligent Driving, and Failure to Produce a Driver's License.

18. Plaintiff's person was unlawfully searched during her arrest.

19. Ms. Perez was subpoenaed to appear as a witness in Plaintiff's criminal case.

20. Ms. Perez appeared and informed the State's Attorney that Plaintiff was not driving the vehicle involved in the accident.

21. Ms. Perez further informed the State's Attorney that she did not tell any police officers that Plaintiff was driving the vehicle involved in the accident.

22. As a result, the State's Attorney dismissed all charges against Plaintiff in a manner indicative of Plaintiff's innocence on or about September 1, 2017.

### CLAIM I
### 42 U.S.C. § 1983 – False Arrest
### Against All Defendant Officers

3

23. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

24. Defendant Officers arrested Plaintiff without probable cause.

25. As a result of the illegal seizure, Plaintiff was injured, including loss of liberty, court costs, attorneys' fees, emotional damages, trauma, humiliation, mental distress, and anguish.

26. The actions of Defendant Officers were objectively unreasonable and were undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

WHEREFORE, as a result of Defendant Officers' unconstitutional actions, Plaintiff requests compensatory damages, punitive damages, cost and attorneys' fees and additional relief that this Court deems equitable and just.

### CLAIM II
### 42 U.S.C. § 1983- Unlawful Search
### Against All Defendant Officers

27. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

28. Defendant Officers searched Plaintiff's person on the date of the incident.

29. Defendant Officers did not have a warrant, consent, probable cause or any other legal justification permitting them to search Plaintiff's person.

30. By searching Plaintiff's person without a warrant, consent, probable cause or any other legal justification, Defendant Officers' conduct constituted deliberate indifference to Plaintiff's rights, in violation of the protections afforded by the Fourth and Fourteenth Amendment to the United States Constitution.

31. As a result of the search, Plaintiff was injured, including, emotional damages, trauma, humiliation, and mental distress.

32. Defendant Officers' conduct was willful, wanton, and undertaken with reckless indifference to Plaintiff's rights.

WHEREFORE, as a result of Defendant Officers' unconstitutional actions, Plaintiff requests compensatory damages, punitive damages, cost and attorneys' fees and additional relief that this Court deems equitable and just.

### CLAIM III
### 42 U.S.C. § 1983 - Failure to Intervene
### Against Defendant Officers

33. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

34. Defendant Officers had a reasonable opportunity to prevent each other from depriving Plaintiff of her right to be free from false arrest and an illegal search, but failed to do so.

35. As a result of Defendant Officers failure to intervene, Plaintiff was injured including, but not limited to, emotional distress and loss of liberty.

36. This misconduct was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to Plaintiff's rights.

WHEREFORE, as a result of Defendant Officers' unconstitutional actions, Plaintiff requests compensatory damages, punitive damages, cost and attorneys' fees and additional relief that this Court deems equitable and just.

### CLAIM III
### 42 U.S.C. § 1983- Conspiracy
### Against Defendant Officers

37. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

38. Defendant Officers, acting under the color of law and within the scope of their employment, entered into an agreement amongst themselves to deprive Plaintiff of her constitutional rights.

39. Beginning on the date of Plaintiff's arrest through and including today's date, Defendant Officers expressly or impliedly formed an agreement to fabricate, conceal or destroy material evidence and withhold knowledge about the fact that Plaintiff was not driving the

vehicle during the car accident as described above, and that the officers were informed by Plaintiff, her sister, and the driver of the Explorer, Ms. Perez, that Plaintiff was not driving at the time of the incident.

40. Defendant Officers agreed to and in fact fabricated witness statements, including that of Ms. Perez, in their reports that were material to Plaintiff's prosecution and material to the determination of probable cause.

41. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

42. Defendant Officers' actions were undertaken with malice, willfulness, and reckless indifference to the rights of others.

43. As a direct and proximate result of this misconduct, Plaintiff suffered damages including, but not limited to, emotional distress, and loss of liberty.

WHEREFORE, as a result of Defendant Officers' unconstitutional actions, Plaintiff requests compensatory damages, punitive damages, cost and attorneys' fees and additional relief that this Court deems equitable and just.

### CLAIM V
### State Claim- Malicious Prosecution
### Against Defendant City of Chicago

44. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

45. Defendant Officers maliciously caused criminal charges for DUI, Reckless Driving, Negligent Driving, Failure to Reduce Speed, Failure to Produce a Driver's License or Operating a Vehicle Without Insurance to be commenced and continued against Plaintiff by creating false and incomplete police reports, swearing to false criminal charges.

46. There was no probable cause for the institution of criminal charges for DUI, Reckless Driving, Negligent Driving, Failure to Reduce Speed, Failure to Produce a Driver's License or Operating a Vehicle Without Insurance against Plaintiff.

47. Plaintiff was injured, including emotional and physical damages, legal fees, trauma, humiliation, loss of liberty, mental distress, and anguish.

48. Defendants' conduct was willful and wanton.

49. The misconduct was undertaken by Defendant Officers within the scope of their employment and under the color of law such that their employer, the City of Chicago, is liable for those actions.

   WHEREFORE, as a result of Defendant Officers' unconstitutional actions, Plaintiff requests compensatory damages, punitive damages, cost and attorneys' fees and additional relief that this Court deems equitable and just from Defendant City of Chicago.

### CLAIM VI
**State Claim- Conspiracy to Commit Malicious Prosecution**
**Against Defendant City of Chicago**

50. Plaintiff re-alleges and incorporates all previous paragraphs.

51. On or about April 14, 2016, through and including the date of filing of this lawsuit, Defendant Officers agreed and combined to conspire to maliciously prosecute Plaintiff.

52. Defendant Officers each and every one of them, agreed and/or combined to engage in a civil conspiracy to commit the unlawful acts as described in this Complaint.

53. The Defendant Officers, each and every one of them, combined to engage in a civil conspiracy of which the principal element was to inflict wrongs against and/or injury by maliciously prosecuting he Plaintiff as described in this Complaint.

7

54. The Defendant Officers, each and every one of them, combined to engage in a civil conspiracy that was furthered by overt acts, including but not limited to, swearing out false reports and giving false statements under oath.

55. The Defendant Officers, each and every one of them, understood, accepted and/or explicitly and/or implicitly agreed to the general objectives of their scheme to inflict the wrongs and injuries on the Plaintiffs as described in the Complaint.

56. The Defendant Officers each and every one of them, combined to engage in a scheme which was intended to violate the rights of the Plaintiff.

57. All of the misconduct described in this Complaint was undertaken within the scope of Defendant Officers' employment, such that Defendant City of Chicago is liable for the torts of its agents.

WHEREFORE, Plaintiff demands judgment against Defendant City of Chicago for compensatory damages, punitive damages, costs and such other additional relief that this Court deems equitable and just.

### CLAIM VII
### Indemnity Claim – 745 ILCS 10/9-102
### Against the City of Chicago

58. Plaintiffs re-allege and incorporate all of the allegations in the preceding paragraphs.

59. Defendant City of Chicago is the employer of Defendant Officers.

60. Defendant Officers committed the acts alleged above under color of law and in the scope of their employment as an employee of the City of Chicago.

61. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

62. As a proximate cause of Defendant Officers' unlawful acts, which occurred within the scope of their employment activities, Plaintiff suffered emotional injuries.

WHEREFORE, Plaintiff demands judgment against Defendant City of Chicago for compensatory damages, costs and such other additional relief that this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

ALYSSA DE LOS SANTOS

By one of HER attorneys:
/s/ Abby D. Bakos
Abby D. Bakos

Shiller*Preyar Law Offices
601 S. California Ave.
Chicago, IL 60612
(312) 226-4590